IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON L. MCDONALD | § | |
| VS. | § | CIVIL ACTION NO. 1:06-CV-612 |
| J. SLIGER, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brandon L. McDonald, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983 against J. Sliger, Joyce Billingsley, and Frank Coffin, III.

Defendant Joyce Billingsley has filed a motion for summary judgment. Plaintiff has filed a response. The matter is now ripe for review.

### Factual Background

Plaintiff alleges the defendants falsely arrested him for possession of a controlled substance after a traffic stop on February 11, 2006. Plaintiff contends there was no valid reason for the traffic stop. Although defendants Coffin and Sliger claimed that they stopped plaintiff because his vehicle lights were not activated, plaintiff asserts that his headlights were activated at the time of the traffic stop. Plaintiff contends that his vehicle was equipped with automatic lights, and would not operate without lights. Plaintiff alleges the drug charge was ultimately dropped but, in the meantime, his probation in cause number 83264 was revoked.

### The Motion for Summary Judgment

Defendant Billingsley states that she is entitled to summary judgment because she was not present when plaintiff was stopped, arrested, or jailed. Defendant states that she is a civilian supervisor of the Property Division of the Beaumont Police Department. Her duties include

maintaining evidence that is logged into the evidence room by police officers, performing field tests on suspected controlled substances, preparing chain of custody documents, and transporting suspected controlled substances to the crime laboratory. Defendant Billingsley states that her involvement in plaintiff's case was limited to field testing suspected crack cocaine, preparing a chain of custody affidavit, and transporting the substance to the crime laboratory.

Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The competent summary judgment evidence shows that defendant Billingsley was not personally involved in plaintiff's stop, arrest, or imprisonment. Therefore, she is entitled to summary judgment.

In response to the defendant's motion for summary judgment, plaintiff claims that, as property room supervisor, defendant Billingsley should have secured a videotape of the arrest from the arresting officers. Plaintiff's complaint concerns his traffic stop, arrest, and imprisonment, not the loss of a videotape. While plaintiff may wish to use the videotape as evidence at trial, he does not have an independent claim concerning the loss of the videotape. Even if he did, plaintiff has not shown that defendant Billingsley was responsible for the loss of the videotape. According to defendant Billingsley's affidavit, she is responsible for property that is logged in by officers. There is no summary judgment evidence demonstrating that she is responsible for retrieving evidence from the officers.

## Conclusion

The competent summary judgment evidence shows that defendant Billingsley was not personally involved in the events that gave rise to this lawsuit. Therefore, it is **ORDERED** that defendant Billingsley's motion for summary judgment (document no. 140) is **GRANTED**. A partial judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this <u>  11  </u> day of <u>  September  </u>, 2009.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE